## PHILLIPS v. SAGER et al.

· (Court of Appeals of District of Columbia. Submitted October 6, 1921. Decided November 7, 1921.)

No. 3660.

1. **Injunction ⬮146—Denial of charges of fraud and insolvency not conclusive in determining right to temporary injunction.**

On application for injunction pendente lite, the denials of the charges of fraud and insolvency are not controlling, but the answer amounts to little more than an affidavit.

2. **Mortgages ⬮338—Temporary injunction granted to prevent sale under trust deed of property affected by fraudulent partnership dissolution.**

Where the bill alleged that plaintiff was induced by one defendant who was his partner to purchase firm property for cash and notes secured by deed of trust thereon by the fraudulent representations of defendant, who kept the partnership books, that the firm had large assets, whereas it and defendant were insolvent, so that if plaintiff were required to pay the notes he would have no way of recovering them, he is entitled to an injunction pendente lite restraining the sale of the property under trust deed to enforce payment of the notes, since the property was directly involved in the contract of dissolution and should be held in status quo.

3. **Appeal and error ⬮954(1)—Error in denying temporary injunction to preserve status quo may be corrected.**

While the granting of an injunction pendente lite usually rests in the sound discretion of the court, the appellate court may in its broad power to review in equity correct the error in denying a temporary injunction to preserve the status quo of the property involved and direct accordingly.

4. **Injunction ⬮137(4)—Granted to preserve status quo to avoid irreparable injury to plaintiff though right is not clear.**

Notwithstanding the rule that a preliminary injunction will not be granted on ex parte affidavits unless in a clear case, it can be granted

---

⬮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

where it is intended merely to maintain the status quo until final decree, and where comparatively great injury may result from withholding the injunction and comparatively little can flow from granting it.

**5. Injunction ⊜152—Showing for injunction to preserve status quo need only be sufficient on its face.**

All that is required to justify a restraining order to preserve the status quo of the property involved pending determination of the suit is that the showing on its face seem sufficiently meritorious to warrant such relief.

Appeal from the Supreme Court of the District of Columbia.

Suit by William S. Phillips against Charles D. Sager and another. From an order refusing an injunction pendente lite to restrain the sale of certain real estate under a deed of trust, plaintiff appeals. Reversed and remanded, with instructions to grant the injunction.

W. C. Sullivan, of Washington, D. C., for appellant.

G. W. Offutt, Jr., and C. V. Imlay, both of Washington, D. C., for appellees.

VAN ORSDEL, Associate Justice. This case is here on special appeal granted from an order of the Supreme Court of the District of Columbia refusing an injunction pendente lite to restrain the sale of certain real estate under a deed of trust.

Appellant, plaintiff below, and defendant were partners engaged in the real estate business. As a condition of dissolution of the partnership, plaintiff purchased from defendant his one-half interest in certain property known as "Shadyside," for which he agreed to pay defendant $12,500, represented by notes secured by deed of trust on part of the property. Plaintiff avers in his bill for accounting that the books of the company at the time of the dissolution showed assets aggregating $258,957.60, with but trifling outstanding obligations. It subsequently developed that the total assets in cash, bills, and accounts receivable were less than $5,000, with debts outstanding far in excess of this amount.

Plaintiff in his bill charges that the condition of the business was unknown to him, but that defendant had exclusive supervision and control of the books and was familiar with the actual financial condition of the company, and, by secreting and concealing the true situation, induced plaintiff to enter into the contract of separation under which he paid defendant $12,700 in cash and made a delivery to him of various promissory notes secured by deeds of trust, including those involved in this action. Prior knowledge of these conditions is not expressly denied by defendant.

[1] Averments of fraud and the insolvency of defendant are made in the bill, which are categorically denied. But this is not a matter to be heard on bill and answer; hence, a mere denial is not controlling, since the answer amounts to little more than an affidavit. Webb v. King, 21 App. D. C. 141, 149. Plaintiff also avers that in the accounting he expects to recover a large judgment against defendant, and should he be required to pay these notes to protect his property from

sale, he would be remediless to recover it from defendant in satisfaction of the anticipated judgment in his favor,

Plaintiff, in order to secure the retention of the notes or the proceeds thereof to await the result of the suit for an accounting, in his bill makes the following offer and tenders himself ready to comply therewith:

"The amount of the said note, principal and interest, should be held to await the outcome of the said accounting, whether so held in the hands of the plaintiff, receivers or trustees appointed by the court to hold the same, or in the registry of the court, or covered by an indemnifying or other bond according to the judgment and discretion of the court, or by depositing Liberty Bonds or other security in lieu thereof, or indeed by making payment in cash to the said defendant, without prejudice to the plaintiff's rights, upon the delivery by the defendant to the plaintiff or to some disinterested third party or parties of adequate security for the repaying to the plaintiff of the moneys so advanced, and the plaintiff has offered to pursue any of the courses so suggested, all of which have been declined by the defendant."

[2, 3] The property here sought to be sold by defendant was part of the partnership property and directly involved in the contract of dissolution, and, we think, in the light of the record, should be held in status quo to await the determination of this suit. Little or no injury can flow from such a course, while great injury can result from the failure of the court to interpose a restraining hand. While the granting of an injunction in cases of this sort usually rests in the sound discretion of the trial court and depends upon the circumstances of the particular case, yet, if the court errs in the exercise of its discretion, an appellate court, in its broad power to review in equity, may correct the error and direct accordingly.

[4] The rule as to preliminary injunctions to preserve the status quo is clearly stated in Gring v. Chesapeake & Delaware Canal Co. (C. C.) 129 Fed. 996, 1000, where the court said:

"It is a general, though not universal, rule, repeatedly enforced in this district, that a preliminary injunction will not be granted on ex parte affidavits unless in a clear case. The rule admits of important exceptions. Those exceptions include, among others, cases in which the function of the preliminary injunction is merely to maintain the status quo until final decree, where comparatively great injury may result from the withholding, and comparatively little can flow from the granting, of such injunction. In such cases the court regards with just discrimination the balance of convenience and hardship, and, in the absence of a final determination of right, aims so to resolve for the time being whatever doubt may exist as to do the most good and the least harm."

[5] All that is required to justify the restraining order is that the case on its face seems sufficiently meritorious to warrant the court in preserving the status quo until the controversy can be disposed of on its merits. This is clearly such a case. A review of the record convinces us that equity and justice require the intervention of the court to prevent the sale or disposition of the property in question pending the result of the action for a partnership accounting.

The decree is reversed with costs, and the cause is remanded with instructions to grant the injunction.

Reversed and remanded.