**MURRAY CO., a corporation, Appellant,**

v.

**NATIONAL MORTGAGE CORPORATION, a corporation, et al., Appellees.**

**No. 6550.**

District of Columbia Court of Appeals.

Argued Nov. 28, 1972.

Decided Jan. 8, 1973.

---

**148**

Dolores Murray, Washington, D. C., for appellant.

William A. E. Doying, Washington, D. C., for appellees.

Before REILLY, Chief Judge, PAIR, Associate Judge, and HOOD, Chief Judge, Retired.

PER CURIAM:

Appellant borrowed money from appellee National Mortgage Corporation and gave its promissory note secured by a deed of trust on certain real estate. After making payments on the note for some time appellant stopped making payments. National Mortgage then, through the trustees under the deed of trust and an auctioneer firm, began foreclosure proceedings. Appellant brought this action seeking cancellation of the note and deed of trust or, in the alternative, revision of the note and trust. With its complaint appellant filed a motion for a preliminary injunction restraining foreclosure pending final action on the complaint. This appeal is from a denial of that motion.

Appellant's attack on the validity of the note and deed of trust is based on the decision of the United States Court of Appeals for the District of Columbia Circuit in In re Parkwood, Inc., 149 U.S.App.D.C. 67, 461 F.2d 158 (decided November 10, 1971), holding certain loans void under our Loan Shark Act, D.C.Code 1967, § 26–601.[1] The effect of that decision has been greatly limited by Act of Congress of December 17, 1971, Pub.L. 92–200. See Section 9 of the statute, now incorporated as Section 26–612 of the D.C.Code 1967, Supp. V., 1972.

■■■ On its face, at least, the Act of December 17, 1971, is broad enough to remove the loan here in issue from the effect of the *Parkwood* decision, and it appears that appellant can obtain the relief sought only by asserting and establishing the un-

---

1. A second ground of attack was asserted in appellant's proposed amended complaint, but the amended complaint was not before the trial court when it denied the preliminary injunction and is not properly before us.

constitutionality of the Act. An act of Congress is entitled to "the full benefit of the presumption of constitutionality,"[2] and nothing in the record would enable the trial court or this court to find that appellant has shown a likelihood or probability of success on the merits. In the absence of such showing the trial court properly denied the preliminary injunction.[3]

 Appellant argues that a preliminary injunction may issue to maintain the status quo where comparatively great injury may result from withholding the injunction and comparatively little injury will flow from its grant, and that a showing of probability of success on the merits is not required. For this proposition reliance is placed on Phillips v. Sager, 51 App.D.C. 103, 276 F. 625 (1921). However, *Phillips* clearly holds there is a requirement that "the case on its face seems sufficiently meritorious to warrant the court in preserving the status quo until the controversy can be disposed of on its merits." [51 App.D.C. at 105, 276 F. at 627.]

Affirmed.

2. People of the State of New York v. O'Neill, 359 U.S. 1, 6, 79 S.Ct. 564, 568, 3 L.Ed.2d 585 (1959).

3. *See* Wheelabrator Corp. v. Chafee, 147 U.S.App.D.C. 238, 455 F.2d 1306 (1971);

Delaware & Hudson Ry. Co. v. United Transportation Union, 146 U.S.App.D.C. 142, 450 F.2d 603, cert. denied, 403 U.S. 911, 91 S.Ct. 2209, 29 L.Ed.2d 689 (1971).